UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN HUDNALL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JIM PAYNE, et al.,<br><br>　　　　　　Defendants. | Case No. 13-cv-04728-WHO<br><br>**ORDER TRANSFERRING CASE** |

On February 6, 2014, the Court dismissed plaintiff Melvin Hudnall's complaint because the Court concluded that it lacked personal jurisdiction over any of the defendants. Dkt. No. 68. In its Order, the Court noted that a federal district court in Texas may be the more appropriate venue to consider Hudnall's action since all the defendants appear to be Texas residents. The Court ordered the parties to identify which district court in Texas is the most appropriate forum. All have responded except Hudnall.

Defendants Charles C. Dickerson and Guy Griffin request the Eastern District of Texas, Tyler Division. Dkt. No. 15 at 7. Defendant Alfred C. Glassell III requests the Southern District of Texas, Houston Division. Dkt. No. 70. Defendant Ralph E. Allen requests the Eastern District of Texas, Tyler Division. Dkt. No. 71. Defendant Jim Payne requests the Eastern District of Texas, Marshall Division. Dkt. No. 72.

Under 28 U.S.C. § 1391(b)—the venue statute—"[a] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or if there is no district in which an action may otherwise be brought as provided in this

section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." This Court does not meet any of those requirements.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Court finds that the Eastern District of Texas, Tyler Division, is the most appropriate venue for transfer. Under the venue statute, this case could have been brought there. First State Bank & Trust Company, which allegedly manages the Hamp Williams Trust and of which Payne is president, is located in Carthage, Texas, which is within the Tyler Division. Defendants Dickerson and Griffin were or are judges in Panola County, also in the Tyler Division. Much of the alleged wrongdoing occurred in Panola County. Three of the five defendants request that the case be transferred to the Tyler Division, and one of the other defendants request that the case be transferred to the same district.

Without analyzing the potential impact of dismissing Hudnall's claims on the applicable statutes of limitation, but recognizing that such an action might adversely impact Hudnall's ability to assert his claims in the future, it appears to the Court that transfer of this case at this juncture better serves the ends of justice than outright dismissal. While Hudnall did not respond to the Court's invitation to identify the most appropriate venue for transfer, in the interest of justice, and having considered all relevant factors, the Court ORDERS that this case be transferred to the United States District Court for the Eastern District of Texas, Tyler Division.

**IT IS SO ORDERED.**

Dated: February 14, 2014

WILLIAM H. ORRICK
United States District Judge